## CIRCUIT COURT OF THE CITY OF NEWPORT NEWS

City of Newport News

    v.

Ryan Marine Corp.

### December 18, 1984

By JUDGE FRED W. BATEMAN

*Violation of City Code Section 23-66(a) (Licensing)*

The issue to be determined in this matter is whether or not the defendant, Ryan Marine Corporation, is a "manufacturer" under Title 58 of the Virginia Code so as to be exempt from the City licensing requirements.

The facts are undisputed. Ryan acquires two liquid materials known as isocyanate and polyol which are delivered to the defendant at the Newport News Shipbuilding & Dry Dock Company. The materials, as needed, are mixed, with equipment suitable for the purpose, at controlled temperature and speed. Because of the uncontrolled expansive nature of the mixture, it must be mixed on site and promptly transmitted to the ship's void spaces where it expands ten fold, becomes rigid and serves as insulation as well as additional strength. Where the product is used in refrigeration spaces, stainless steel configurations are provided and installed by Ryan, obviously to confine the product so that the refrigeration space may be preserved while the product is expanding and changing from a liquid to a solid.

The Virginia statutes, and annotations thereto, the decided cases and the City Code offer only a paucity of assistance in deciding the principal issue presented here. Accordingly, the Court has examined authorities in other jurisdictions, but for the sake of brevity the citations will be omitted since they are contained in a rough draft memorandum that I have placed in the file.

"Manufacturer" and "manufacturing" have been defined in many areas of the law, i.e., taxation, zoning, bankruptcy, licensing, labor laws, workmen's compensation laws and criminal law, to name a few. Manufacturing, as observed by the Federal District Court in New York, is a word of such wide and loose meaning as to include the preparation by art of any finished product from raw material. The Tennessee court says that a "manufacturer" is one engaged in making materials, raw or partly finished, into wares suitable for use. Louisiana observes that a "manufacturer" is not one who creates out of nothing, for that surpasses human power; neither is he one who produces a new article out of materials entirely raw. He is one who gives new shapes, new qualities, new combinations to matter which have already gone through some artificial process. Mississippi, in considering labor laws, observed that "manufacturing" is the system of industry which produces manufactured articles and the word "manufacturer" means the production of articles for use from raw or prepared materials by giving them new forms, qualities and properties, or combinations. Connecticut, in dealing with an issue involving trademark laws, observed that where one puts his supervising skill and labor into work and receives a share of the resulting profit, he is a "manufacturer." Consumers have the result of his skill and integrity; that is all there is to the word "manufacturer." Minnesota defines a "manufacturer" as every person who purchases and receives or holds personal property of any description for the purpose of adding to the value thereof by any process of manufacturing, refining, rectifying or by a combination of different materials, with the view of making gain or profit by so doing. The manufacturer may carry on the same kind of manufacturing business at several different places at the same time though each would be a separate business. Louisiana, in dealing with a license tax, held that a company which bought Coca Cola syrup in crude form, to which it added water, gas and sugar, then citric acid or fruit acid, extract, vegetable or fruit color, making finished products which are known on the market as bottled soda water and Coca Cola was a manufacturer of and not a wholesale dealer in such drinks and hence exempt from payment of license tax. Washington views the seller of cedar poles, who prepares them from natural trees in the forest, as a manufacturer rather than a trader within

the law relating to latent defects in goods sold. Maryland concludes that a company manufacturing shirts requiring fifteen processes, only one of which, that of sewing, is performed outside of the city, was a "manufacturer" within an ordinance excepting manufacturers from taxation. Illinois observes that whenever labor is performed upon an article which results in its assuming a new form, possessing new qualities or new combinations, the process of manufacturing has taken place whether the thing manufactured be a small article of commerce or a structure. Ohio says that manufacturing contemplates a change wrought through the application of forces which results in the transformation of some pre-existing substance or element into something different with a new name, nature, form or use. New York observes that making a paving compound is the reproduction of a new and distinct substance which constitutes manufacturing. Massachusetts says that the production of bread and pastry and the preparation and canning of jams, jellies and similar articles by a large chain store organization would be a "manufacturing" operation exempting such corporation from local taxation upon its machinery. The word manufacture, when used in legislative enactment, is to be given its ordinary and general meaning. In its generic sense, manufacturing means producing a new article of use or ornament by application of skill and labor to raw materials of which it is composed. A manufacturer, within excise tax statutes, may be one who assembles articles of fabric that someone else has made. Where the taxpayer purchased liquid raw mix, which he put through a beater assembly, which cooled it and produced a semi-solid substance similar to ice cream, and certain chemical changes were brought about by cooling process, the taxpayer was a "manufacturer" under tax law allowing manufacturers to list personal property used in business for tax purposes.

The Court is of the opinion that under the prevailing definitions, and in particular *Prentice v. Richmond*, 197 Va. 724 (1956), the defendant, Ryan Marine Corporation, under the facts presented, is a manufacturer and by virtue of the provisions of Title 58 of the Virginia Code is exempt from the business license provision of the City Code.